UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| TTAC Publishing, LLC,<br><br>Plaintiff,<br><br>v.<br><br>TATC Publishing, LLC; Jonathan Hunsaker; Jeff Hays; Manny Goldman; and Patrick Gentempo.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action File No.<br><br>Jury Trial Demanded |

**COMPLAINT**

COMES NOW, TTAC Publishing, LLC ("TTAC" or "Plaintiff"), Plaintiff in the above-styled action and hereby files this Complaint against Defendants showing this Honorable Court as follows:

## I. THE PARTIES

1. TTAC Publishing, LLC is limited liability company organized and existing under the laws of the State of Nevada, having a principal place of business located Portland, Tennessee.

2. TATC Publishing, LLC ("TATC") is a limited liability company organized and existing under the laws of the State of Nevada.

3. Upon information and belief, Defendant Jonathan Hunsaker is a citizen and resident of Texas and can be served at 1515 Old Alton Road Argyle, TX 76226.

4. Upon information and belief, Defendant Jeff Hays is a citizen and resident of Utah and can be served at 2023 Tall Woods Ct. Draper, UT 84020.

5. Upon information and belief, Defendant Patrick Gentempo is a citizen and resident of Utah and can be served at 1776 Park Ave Ste 4-217, Park City, Utah, 84060-5148.

6. Upon information and belief, Defendant Manny Goldman is a citizen and resident of Florida and can be served at 58 Frontierland Trail, Ponte Vedra, FL, 32081.

## II. JURISDICTION AND VENUE

7. This action against Defendants for trademark infringement arising under the Lanham Act, as amended 15 U.S.C. §§ 1114(1) and 1125(a); Tennessee Trademark Infringement, Tenn. Code Ann. § 47-25-512; Common Law Tennessee Unfair Competition; Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq.; and Tennessee Civil Conspiracy.

8. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1121, as it involves federal trademark law under the Lanham Act; under 28 U.S.C. §1338(b) as it involves unfair competition related to a claim under trademark laws; and under 28 U.S.C. § 1331 as it involves a federal question. This Court has pendent jurisdiction over the claims that arise under Tennessee law pursuant to 28 U.S.C. § 1367(a) in that they are substantially related to the claims that arise under the trademark laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial. Jurisdiction is also proper pursuant to 28 U.S.C. § 1332.

9. This Court has personal jurisdiction over Defendants based on their transaction of business in Tennessee and sufficient minimum contacts with Tennessee and in light of their interactive website located at theanswertocancer.com.

10. Venue is proper in this District under 28 U.S.C. § 1391.

11. Upon information and belief, TATC does business in Tennessee by: (1) selling and providing goods and services to and within this State, District, and Division; (2) advertising goods and services within this State, District, and Division; (3) soliciting business and investment within this State, District, and Division; and (4) deriving revenue from the sale of TATC offerings and provision of services within this State, District, and Division, without the consent or license from TTAC.

12. TATC has committed acts within this State, District, and Division which have resulted in damage to TTAC. TATC has committed acts in this District in violation of TTAC's exclusive rights under 15 U.S.C. § 1115 thereby giving this Court personal jurisdiction over TATC.

## III. FACTUAL ALLEGATIONS

13. The Truth About Cancer ("TTAC") was co-founded by Charlene Bollinger, Ty Bollinger, and Defendant Jonathan Hunsaker.

14. TTAC is an industry leader specializing in the marketing of information relating to health care, specifically, cancer, cancer prevention, and cancer treatment. From 2014 to 2016, TTAC created, marketed and released a multi-part docu-series which provided millions of viewers the truth about all available prevention and treatment options for cancer patients—both traditional and alternative. Following the success of that docu-series, TTAC has continued to distribute information to consumers about cancer prevention and treatment, and to also market, literature and products for purchase by consumers relating to cancer and other healthcare and wellness topics.

15. As part of its marketing and development, TTAC created and adopted its THE TRUTH ABOUT CANCER trademark and corresponding logo mark.

16. Since 2014, TTAC has been in continuous use of its trademark, THE TRUTH ABOUT CANCER in association with its informational productions relating to cancer, cancer prevention, cancer treatment and other healthcare related topics.

17. Since 2014, TTAC has been in continuous use of its logo mark The Truth about Cancer in association with its informational productions relating to cancer, cancer prevention, cancer treatment and other healthcare related topics. The logo mark appears as follows:



18. TTAC is the owner of the federal trademark registration for THE TRUTH ABOUT CANCER trademark which the United States Patent and Trademark Office registered to TTAC on November 14, 2017. (*See* Ex. A, TTAC's Trademark Reg. No. 5,332,359).

19. TTAC's federal registration for its THE TRUTH ABOUT CANCER trademark is in full force and effect.

20. Since at least May 28, 2014, TTAC has been continuously using its THE TRUTH ABOUT CANCER mark and logo mark and have expended considerable time, effort and money to develop the goodwill that the public has come to associate with its marks.

21. From its formation and during the time that TTAC was developing its products and brand and actively marketing products and services utilizing its trademarks, Defendant Jonathan Hunsaker was a member of TTAC as well as its Chief Marketing Officer. Given his roles, Defendant Hunsaker was intimately familiar with TTAC's business strategies, marketing, products

and customers. Defendant was also aware of the significant time and money TTAC spent to develop its brand and goodwill in the marketplace.

22. During TTAC's marketing campaigns from 2015 to 2018, Defendant Manny Goldman was hired as a contractor to assist TTAC with it marketing efforts. He was known at TTAC as the "Director of Traffic" as he was intimately involved in securing marketing attention for TTAC. In this role, Defendant Goldman became fully familiar with TTAC's business and marketing strategies and was well-versed in TTAC's utilization of its trademarks to promote its brand and products and develop goodwill in the consumer marketplace.

23. TTAC's uninterrupted use of its THE TRUTH ABOUT CANCER marks, has resulted in TTAC acquiring common law rights in THE TRUTH ABOUT CANCER logo mark ("Logo Mark").

24. TTAC's extensive use, promotion, and marketing under its THE TRUTH ABOUT CANCER mark, including the Registered Mark and Logo Mark, has resulted in TTAC's products becoming well and favorably known to the public in association with Registered Mark and Logo Mark.

25. Effective August 1, 2018, the former co-owners entered into a Securities Redemption Agreement, which divested Jonathan Hunsaker of any ownership or other interest in TTAC.

26. On January 22, 2020, Defendant Jonathan Hunsaker, along with Manny Goldman, Jeff Hays, and Patrick Gentempo, formed TATC Publishing, LLC, a company with a name confusingly similar to Plaintiff's TTAC Publishing, LLC.

27. TATC stands for "The Answer to Cancer" which is Defendants copycat platform modeled directly after TTAC's The Truth about Cancer platform. In connection with The Answer to Cancer, Defendants promoted and recently launched a nine-part docu-series providing information

about cancer, cancer prevention, and cancer treatment. *See* Ex. B, Defendants' The Answer to Cancer Website, *Available at Affiliate Research Center, https://theanswertocancer.com/jv/* (last visited Aug. 14, 2020).

28. Defendants are marketing their cancer docu-series and brand to the same customers to whom TTAC markets and sells its products.

29. Defendants are utilizing the same email and internet-based marketing channels that TTAC utilizes to market its products and services.

30. Defendants also are utilizing the same logo and marks on the same internet based social media channels that TTAC utilizes to market its products and services including Facebook and Instagram.

31. Defendants were fully aware of TTAC, its business methods, its marketing methods and its customers as Defendants Goldman and Hunsaker were fully engaged with TTAC and its marketing and sales efforts from 2014 to 2018. Specifically, as former Chief Marketing Officer and Director of Traffic, Defendant Hunsaker and Defendant Goldman had intimate knowledge and familiarity with TTAC's and its business strategies, marketing strategies and customer base.

32. Defendants were also fully aware of TTAC's branding and its use of THE TRUTH ABOUT CANCER trademark and logo mark as key elements of its marketing efforts.

33. Defendants knew that through the use of its trademarks, TTAC had secured over $25MM in customer transactions since 2014 and was well-known in the consumer marketplace.

34. TTAC has not authorized Defendants to use THE TRUTH ABOUT CANCER mark, the logo mark or any other trademark or other assets of TTAC.

35. Defendants' adoption and use of its THE ANSWER TO CANCER mark was designed specifically to deceive the public into believing an affiliation exists between The Answer to Cancer

(TATC) and The Truth About Cancer (TTAC) and to trade off TTAC's reputation and goodwill as represented by TTAC's THE TRUTH ABOUT CANCER mark and logo mark.

36. In connection with the newly formed The Answer to Cancer platform, Defendants knowingly and purposefully adopted the logo mark shown below which is substantially similar to TTAC's logo mark.



37. Defendants' intentionally and knowingly utilized a similar, format, font, color and layout to intentionally deceive consumers into believing an affiliation or connection exists between TTAC and Defendants' The Answer to Cancer platform.

38. In dramatic similarity of the parties' logo marks is evidence by the side by side comparison below.



39. Defendants' infringement of TTAC's The Truth about Cancer logo mark, as shown above, is a deliberate effort to trade upon the goodwill and reputation the public has come to associate with TTAC.

40. In addition to adoption and use of the above-referenced mark, Defendants have repeatedly included statements on their website attempting to portray some affiliation with or connection to TTAC, including, "The chief marketer behind The Answer to Cancer is the same marketer who created, built and marketed The Truth About Cancer." The information contained on the website intentionally includes several references to the success of TTAC's prior docuseries in an attempt to confusing, mislead, or deceive the public into believing an affiliation exists between TTAC and TATC. (*See* Ex C., Screenshot of Information Formerly Included on "About" Page Included on TheAnswertoCancer.com at https://theanswertocancer.com/jv/).

41. Despite no affiliation between TTAC and Defendants' TATC, Defendants intentionally deceived the public into believing this is a new production of the prior product produced by the Truth About Cancer, specifically stating on the Answer to Cancer website, ***"This is the next level to the legacy and movement that Jonathan Hunsaker created The Truth About Cancer. Think of it as 2.0 :-)."***(Emphasis added***). (See*** Ex D., Screenshot of Information Formerly Included on "Launch" Page Included on TheAnswertoCancer.com at https://theanswertocancer.com/launch/).

42. Defendants' website includes statements designed to confuse and deceive the public regarding an affiliation between the two entities, including statements such as, "Manny Goldman as Director of Traffic, increased the number of subscribers from 100,000 to 2,000,000." *See* Ex. E*, The Answer to Cancer FAQ Page, Available at Affiliate Research Center, https://theanswertocancer.com/faqs/?orid=880&opid=4&sid=jv070720* (last visited Aug. 14, 2020).

43. Defendants' adoption and use of THE ANSWER TO CANCER mark and logo is an intentional infringement of TTAC's THE TRUTH ABOUT CANCER mark and logo mark, along with Defendants' inclusion of information relating to TTAC on their website, are deliberate efforts to deceive the public and trade upon the goodwill and reputation the public associates with TTAC

by attempting to confuse the public into believing an affiliation or connection exists between TTAC and Defendants' The Answer to Cancer platform.

**COUNT I**
**15 U.S.C. § 1114(1) -- INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK**

44. Plaintiff incorporates the averments of Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. TTAC is the owner of the federal registration for its THE TRUTH ABOUT CANCER trademark; Reg. No. 5,332,359.

46. Defendants have infringed on TTAC's federally registered THE TRUTH ABOUT CANCER trademark by various acts, including the marketing, advertising, promotion, distribution, and selling of products with Defendants' confusingly similar mark THE ANSWER TO CANCER.

47. Defendants' use of THE ANSWER TO CANCER mark in association with the promoting, marketing, sale, distribution, and advertisement of their products and services, is likely to cause confusion, mistake, or to deceive the public as to an association or affiliation between TTAC and Defendants The Answer to Cancer platform.

48. Defendants' adoption and use of the confusingly similar THE ANSWER TO CANCER mark and logo has been willful, deliberate, and is intended to confuse and deceive the public.

49. Defendants' adopted their THE ANSWER TO CANCER mark notwithstanding TTAC's well-known and prior established rights vested in THE TRUTH ABOUT CANCER trademark, with both actual and constructive notice of TTAC's registration rights under 15 U.S.C.§1072.

50. Defendants' conduct constitutes infringement of TTAC's federally registered THE TRUTH ABOUT CANCER trademark in violation of § 32 of the Lanham Act, 15 U.S.C. §1114.

51. Defendants' infringing activities have caused and unless enjoined by this Court, will continue to cause irreparable harm and other damage to TTAC's business, reputation, and goodwill in its federally registered THE TRUTH ABOUT CANCER trademark. TTAC has no adequate remedy at law.

52. TTAC is entitled to all available remedies provided by 15 U.S.C. §§ 1114, 1117 and 1118, specifically, (a) damages (including lost profits); (b) Defendant's profits; (c) TTAC's costs; (d) an award of TTAC's attorney fees; and (e) equitable relief in the form of an injunction.

**COUNT II**
**15 U.S.C. § 1125(a)(1)(A) – FEDERAL UNFAIR COMPETITION**

53. Plaintiff incorporates the averments of Paragraphs 1 through 52 of this Complaint as if fully set forth herein.

54. TTAC has been using its THE TRUTH ABOUT CANCER logo to identify the source of its good and services since 2014. Through its continued use of its logo mark, TTAC has acquired common law trademark rights in its logo mark.

55. Defendants' unauthorized use of its confusingly similar THE ANSWER TO CANCER constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact, in violation of Section 43(a) of the *Contra*,15 U.S.C. §1125(a).

56. The unauthorized use in commerce by Defendants of a logo mark that is confusingly similar to THE TRUTH ABOUT CANCER logo mark falsely suggests the origin or association of Defendants goods with TTAC. Defendants' use is intended to and inevitably will cause confusion or mistake or deceive the consuming public into believing that there exists an affiliation, connection or association between TATC and TTAC as to the origin, sponsorship, or approval of TATC's products and is intended to confuse or deceive the public.

57. Defendants' wrongful activities have caused, and unless enjoined by this Court, will continued to cause irreparable injury and other damage to TTAC's business, reputation and goodwill. TTAC has no adequate remedy at law.

58. Defendants' infringing conduct has been deliberate and willful.

59. TTAC is entitled to all available remedies provided by 15 U.S.C.§§ 1114, 1117 and 1118, specifically: (a) damages (including lost profits); (b) Defendants' profits; (c) TTAC's costs; (d) an award of TTAC's attorneys; fees; and (e) equitable relief in the form of an injunction.

**COUNT III**
**TENNESSEE COMMON LAW UNFAIR COMPETITION**

60. Plaintiff incorporates the averments of Paragraphs 1 through 59 of this Complaint as if fully set forth herein.

61. Defendants' unauthorized use of their THE ANSWER TO CANCER mark and logo mark constitutes a false designation of origin, a false or misleading description of fact, or a false or misleading representation of fact.

62. Defendants' adoption and use of their THE ANSWER TO CANCER mark and logo mark is likely to cause confusion, cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with TTAC, or as to the origin, sponsorship, or approval of The Answer to Cancer's products by TTAC.

63. Defendants' use of their infringing mark and logo has been willful and is intended to confuse and deceive the public.

64. Defendants' conduct has damaged and continues to damage, TTAC's business, reputation, and goodwill.

65. Defendants' conduct will continue unless enjoyed by this Court.

66. TTAC is entitled to recover its damages and equitable relief in the form of an injunction.

**COUNT IV**
**TENNESSEE TRADEMARK INFRINGEMENT**
**(Tenn. Code. Ann. § 47-25-512)**

67. Plaintiff incorporates the averments of Paragraphs 1 through 66 of this Complaint as if fully set forth herein.

68. TTAC is the owner of federal registration for it's the TRUTH ABOUT CANCER mark as well as the federal and Tennessee common law rights in its THE TRUTH ABOUT CANCER mark and logo. TTAC's trademark rights are well known, distinctive, and recognized as denoting high-quality services and products throughout Tennessee and the United States. Due to such reputation and public awareness, TTAC has established valuable goodwill in connection with its rights in THE TRUTH ABOUT CANCER trademark and logo mark.

69. Defendants' unauthorized use of their THE ANSWER TO CANCER with the advertising of The Answer to Cancer platform, products, and services, is likely to cause confusion, cause mistake, or to deceive the public.

70. Defendants' unauthorized use of their THE ANSWER TO CANCER has been willful and intended to confuse or deceive the public into believing an affiliation exists between TTAC and Defendants' The Answer to Cancer platform.

71. Defendants' conduct has damaged and continues to damage, TTAC's business, reputation, and goodwill causing irreparable injury to TTAC.

72. As a result, TTAC is entitled to recover its damages and equitable relief in the form of an injunction.

**COUNT V**
**VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT**

73. Plaintiff incorporates the averments of Paragraphs 1 through 72 of this Complaint as if fully set forth herein.

74. This count arises under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et seq.

75. Defendants' adoption and use of their THE ANSWER TO CANCER mark and logo is likely to cause consumer confusion or mistake as to the affiliation, connection, or association of Defendants' platform, products, and services with TTAC and to cause consumers to falsely believe that Defendants' The Answer to Cancer platform, products, and services, originated with or is sponsored by, or approved by The Truth About Cancer in violation of Tenn. Code Ann. § 47-18-101 *et seq*.

76. By adopting and using Defendants infringing THE ANSWER TO CANCER mark and logo, Defendants are falsely passing off its product and services as those of TTAC and unfairly trading on the goodwill and reputation of TTAC.

77. Defendants' website, theanswertocancer.com, contains specific misrepresentations regarding the affiliation between The Answer to Cancer and The Truth About Cancer for the purpose of willfully and intentionally confusing or deceiving consumers into believing an affiliation, connection, or association between The Answer to Cancer and The Truth About Cancer in violation of Tenn. Code Ann. § 47-18-101 et seq.

78. Defendants' acts constitute unfair or deceptive practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104.

79. Defendants' use of unfair and deceptive practices is willful and knowing, thus entitling TTAC to treble damages pursuant to Tenn. Code Ann. § 47-18-109.

80. As a result of Defendants' conduct, TTAC is entitled to its damages, treble damages pursuant to Tenn. Code Ann. § 47-18-109, and equitable relief in the form of an injunction.

**COUNT VI**
**CIVIL CONSPIRACY**

81. Plaintiff incorporates the averments of Paragraphs 1 through 80 of this Complaint as if fully set forth herein.

82. Each of the Defendants, in a concerted action conspired to unlawfully infringe TTAC's rights in its federally registered THE TRUTH ABOUT CANCER trademark as well as its federal and Tennessee common law rights in TTAC's THE TRUTH ABOUT CANCER logo and mark, by adopting and using a confusingly similar trademark and logo.

83. Each Defendant, individually, and in a concerted action, conspired to profit from the unlawful use of TTAC's brand and consumer equity in purposefully leading consumers to believe TTAC is affiliated with The Answer to Cancer; TTAC sponsors The Answer to Cancer; or that TTAC provided approval of Defendants platform, products, and services.

84. In furtherance of Defendants' conspiracy, Defendants adopted and used the mark, THE ANSWER TO CANCER and the corresponding logo mark, which was intended to purposefully confuse and mislead consumers into believing Defendants' business, "The Answer to Cancer" is affiliated with or endorsed by TTAC.

85. In furtherance of Defendants' conspiracy, while adopting a confusingly similar trademark, Defendants also unlawfully include multiple references to TTAC on their website, theanswertocancer.com in order to profit from the unlawful use of TTAC's brand and consumer

equity by misleading consumers into believing The Answer to Cancer is affiliated, sponsored by, or approved by TTAC.

86. As a direct and proximate result of the civil conspiracy by Defendants, TTAC has been injured in the amount to be proven at trial.

**WHEREFORE, TTAC respectfully request a judgment as follows:**

1. Defendants, specifically The Answer to Cancer, its officers, agents, servants, employees, and attorneys be forthwith preliminarily enjoined and restrained from using THE ANSWER TO CANCER mark in word or design form, or other designations confusingly similar to TTAC's THE TRUTH ABOUT CANCER trademark during the pendency of this civil action, and thereafter permanently enjoined and restrained from using "THE ANSWER TO CANCER", in word or design form, or any other designation confusingly similar to TTAC's THE TRUTH ABOUT CANCER trademark in connection with acquiring, managing, advertising, and selling products that do not emanate from or originate with TTAC.
2. That Defendants be directed to file with this Court and serve on TTAC within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.
3. That Defendants be required to deliver up, destroy and/or rebrand with a non-confusing mark all signage, literature, advertising, electronic and online media and other material bearing the word or THE ANSWER TO CANCER design marks.
4. That the Court adjudge and decree that Defendants THE ANSWER TO CANCER mark is infringing trademark in violation of 15 U.S.C. §1114, that Defendants' conduct serves to designate falsely the origin of its products, and falsely describes such products, and

constitutes false representation and advertising in connection with the promotion, offering for sale, and sale of such products, all in violation of 15 U.S.C. §1125, and that the Defendants have competed unfairly with TTAC at common law.

5. That the Court adjudge and decree that Defendants' conduct constitutes a violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18- 104.
6. That the Court require Defendants to notify its commercial associates, marketers, resellers and customers of said Court Order.
7. That TTAC recover all damages as provided for pursuant to 15 U.S.C. §1117(a). That TTAC recover treble damages based on Defendants' willful infringement and intentional conduct pursuant to 15 U.S.C. §1117(a).
8. That TTAC recover its attorneys' fees for Defendants' willful infringement pursuant to 15 U.S.C. §1117(a).
9. That TTAC be awarded such other and further relief as this Court may deem just and proper.

This 14th day of August, 2020.

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

*s/ Anthony F. Schlehuber*
Anthony F. Schlehuber
TN Bar No. 37334

*Counsel for TTAC Publishing, LLC*

211 Commerce Street, Suite 800
Nashville, TN 37208
Telephone: (615) 726- 5600
Facsimile: (615) 726- 0464
Aschlehuber@bakerdonelson.com

L. Clint Crosby
Georgia Bar No. 197877
Phillip Parham
Georgia Bar No. 942874
Ciera N. Locklair
Georgia Bar No. 887772
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, Georgia 30326
404-577-6000 / 404-221-6501 fax
ccrosby@bakerdonelson.com
pparham@bakerdonelson.com
clocklair@bakerdonelson.com

*Counsel for TTAC Publishing, LLC*
*Pro Hac Vice Forthcoming*