# EXHIBIT 1

# PARTIAL SETTLEMENT AGREEMENT

This Partial Settlement Agreement (the "Agreement") is entered into as of September 21, 2020, by and between TTAC Publishing, LLC ("TTAC"), on the one hand, and TATC Publishing, LLC, Jeff Hays, Patrick Gentempo, and Manny Goldman (collectively, "The Answer to Cancer"). TTAC and The Answer to Cancer are sometimes herein referred to as the "Parties" or a "Party," as context requires.

## RECITALS

A. WHEREAS, TTAC has filed a lawsuit (the "Lawsuit") against The Answer to Cancer and Jonathan Hunsaker in the United States District Court for the Middle District of Tennessee; Civil Action File No. 3:20-cv-00696;

B. WHEREAS, TTAC filed a Motion for Temporary Restraining Order and Preliminary Injunction (the "Injunction Motion") against The Answer to Cancer and others in the Lawsuit on September 11, 2020;

C. WHEREAS, the Parties have reached an agreement to resolve and settle relief sought by TTAC in the Injunction Motion, but without resolving and reserving all other issues and arguments in the Lawsuit, on the terms set forth herein.

## TERMS

NOW, THEREFORE, in consideration of the mutual agreements included herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. <u>Withdrawal of Injunction Motion</u>. TTAC will file a withdrawal of the Injunction Motion (the "Withdrawal") with the Court on Monday, September 21, 2020. TTAC will withdraw the Injunction Motion and the Withdrawal shall be effective as to

The Answer to Cancer and all other parties named as defendants in the Lawsuit, including the individual defendants. A copy of this Agreement will be attached to the Withdrawal. Although Defendant Hunsaker is not a party to this Agreement, The Answer to Cancer represents it has the ability and authority to fully comply with this Agreement without Defendant Hunsaker being a signatory. Should it later be determined that Defendant Hunsaker is in violation of this Agreement, TTAC may move to enforce this Agreement and/or move for injunctive relief against Defendant Hunsaker, at TTAC's election.

    2.    <u>Steps Taken by The Answer to Cancer</u>. In exchange for the withdrawal of the Injunction Motion, The Answer to Cancer will do the following:

    a.    Within thirty (30) days from the date of this Agreement, The Answer to Cancer will change the official name of the company from TATC Publishing, LLC, to The Answer to Cancer, LLC.

    b.    The Answer to Cancer will cease using the acronym "TATC" to refer to itself. Within seven (7) days from the date of this Agreement, The Answer to Cancer will change the company name and remove the TATC acronym on its websites and social media accounts.

    c.    Within twenty-one (21) days from the date of this Agreement, The Answer to Cancer will adopt a new logo that is readily distinguishable from the logo used by TTAC, utilizing a different font, colors, and layout from The Answer to Cancer's current logo. Also within twenty-one (21) days, The Answer to Cancer will replace the current logo with the new logo on its websites and social media accounts.

d.   The Answer to Cancer will utilize the new logo for any new media or products developed subsequent to the date of this Agreement.

e.   Within fourteen (14) days from the date of this Agreement, The Answer to Cancer will add a disclaimer (the "Disclaimer") to its websites and social media accounts to the effect that "The Answer to Cancer wants to make clear that it is not affiliated with, or sponsored or endorsed by, The Truth About Cancer, TTAC Publishing, LLC, or its principals, nor is The Truth About Cancer, TTAC Publishing, or its principals affiliated with, or sponsored or endorsed by, The Answer to Cancer."

   i.   The Disclaimer will appear on the home page of The Answer to Cancer's public website above the fold and below the registration box in a font at least as large as the "Privacy Policy" language in the registration box.  The disclaimer will also appear on any landing pages where The Answer to Cancer collects names and/or emails, including for the docu-series/video trailer, free eBooks, and the like.

   ii.   The Disclaimer will be displayed for six months following the Date of this Agreement.

f.   Defendants shall have thirty (30) days from the date of this Agreement to sell through any inventory (books, videos, pamphlets and any other products) in their possession which contain or feature the current logo, the TATC acronym or TATC Publishing name.  After thirty (30) days, the inventory shall be modified to comply with this Agreement or destroyed.

3

3.  <u>No Admission of Liability</u>.  Nothing contained in this Agreement is or shall be construed as an admission of liability by any of the Parties, nor shall entering into this Agreement be used construed as an admission of or a basis to support the existence of personal jurisdiction or venue in any court.  For clarity, neither this Agreement nor the existence of this Agreement shall be used in any legal proceeding, except for one to enforce the terms of this Agreement.

4.  <u>Binding on Successors</u>.  The provisions of this Agreement shall inure to the benefit of, and shall be binding upon, the heirs, executors, administrators, assigns, and successors in interest of each of the Parties.

5.  <u>Severability</u>.  In the event that any provision of this Agreement is determined to be illegal or unenforceable, such determination shall not affect the validity or enforceability of the remaining provisions hereof, all of which shall remain in full force and effect to the fullest extent permitted by law.

6.  <u>Choice of Law and Venue</u>.  The Answer to Cancer hereby reserves its right to contest personal jurisdiction and venue in the United States District Court for the District of Tennessee, Middle District.  Until such time as the Tennessee District Court rules that it lacks jurisdiction over The Answer to Cancer or that venue for the Lawsuit is improper, and such ruling is final post-appeal, the Parties agree that this Agreement may be enforced in this Lawsuit in the Middle District of Tennessee under Tennessee law.  In the event the Court determines it lacks personal jurisdiction over The Answer to Cancer or any individual defendant, or that venue is improper, the Parties agree that this Agreement may be enforced in the United States District Court for the District of Utah, Central Division, and The Answer to Cancer concedes that it is subject to

personal jurisdiction in that court and that its counsel is authorized to accept service of any actions relating to this Agreement

7. <u>Entire Agreement</u>. This Agreement constitutes an integration of the entire understanding and agreement of the Parties with respect to the subject matter hereof. Any representations, warranties, promises, or conditions, whether written or oral, not specifically and expressly incorporated in this Agreement, shall not be binding on any of the Parties, and each of the Parties acknowledges that they have not relied, in entering into this Agreement, on any representation, warranty, promise or condition, not specifically and expressly set forth in this Agreement. All prior discussions and writings have been, and are, merged and integrated into, and are superseded by, this Agreement.

8. <u>Interpretation</u>. The Parties agree that the Agreement is to be construed and interpreted fairly and reasonably in accordance with the terms herein and not against any Party as the drafter thereof.

9. <u>Enforcement.</u> If any Party seeks to enforce or protect its rights under this Agreement in any action, suit, arbitration, case, or other proceeding, the prevailing party shall be entitled to receive from the other party payment of its costs and expenses, including reasonable attorneys' fees incurred.

10. <u>Counterparts</u>. This Agreement may be executed in multiple counterparts, each of which, when solely executed, shall be deemed an original, but all such counterparts together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties have approved and executed the Agreement on the dates specified below.

DATED: September 21, 2020

TTAC PUBLISHING, L.L.C.

By: Ty Bollinger
Its: CFO

DATED: September ___, 2020

TATC PUBLISHING, L.L.C.

By:_____
Its:_____

DATED: September ___, 2020

JEFF HAYS

_____

DATED: September ___, 2020

PATRICK GENTEMPO

_____

DATED: September ___, 2020

MANNY GOLDMAN

_____

DATED: September ___, 2020

        TTAC PUBLISHING, L.L.C.

        By: _____
        Its: _____

DATED: September 21, 2020

        TATC PUBLISHING, L.L.C.

        By: *Manny Goldman, President, TTC Goldman, Inc.,*
        Its: _____ Managing Member

        *TATC Publishing LLC*

DATED: September 21, 2020

        JEFF HAYS

        */s/ Jeff Hays*

DATED: September 21, 2020

        PATRICK GENTEMPO

        */s/ Patrick Gentempo*

DATED: September 21, 2020

        MANNY GOLDMAN

        */s/ Manny Goldman*